Ryan L. Gentile
Law Offices of Gus Michael Farinella, PC
147 West 35th Street
Suite 1008
New York, NY 10001
Tel: 212-675-6161
Attorney for Plaintiff, Justina Luna

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
JUSTINA LUNA,

                                        Civil Action No.

            Plaintiff,

    v.

MIDLAND FUNDING, LLC;
MIDLAND CREDIT MANAGEMENT, INC.

           Defendants.
-------------------------------------------------------X

      Plaintiff, by and through her counsel, The Law Offices of Gus Michael Farinella, PC, as and for her complaint against the defendants alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by the debt collector defendants Midland Funding, LLC ("MF") and Midland Credit Management, Inc. ("MCM"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly regulates communications in connection with debt collection, prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt, and requires certain disclosures. 15 U.S.C. §§1692c 1692d, 1692e, 1692f, 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendants do business within this District;

    b. The acts giving rise to this lawsuit occurred within this district.

## PARTIES

5. Plaintiff, Justina Luna, is an individual who resides in the City of Bound Brook, County of Somerset, State of New Jersey.

6. Plaintiff is a "consumer" as defined by the FDCPA.

7. Defendant, MF, is a Delaware Limited Liability Company, engaged in the business of collecting debts within this state, with its principal place of business located at 8875 Aero Drive - Suite 200 San Diego, CA 92123.

8. MF is a purchaser of defaulted debt. MF pays less than ten cents on the dollar for the debt and then seeks to collect the full amount.

9. The principal purpose of MF is the collection of debts using the mail and telephone.

10. MF regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. MF is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

12. Defendant MCM is a Kansas Corporation engaged in the business of collecting debts within this state, with its principal place of business located at 8875 Aero Drive - Suite 200 San Diego, CA 92123.

13. The principal purpose of MCM is the collection of debts using the mail and telephone.

14. MCM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. MCM according to the letters it sends is "a debt collector".

16. MCM is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

17. Both MF and MCM each claim to be a debt collector on their websites.

18. MF is vicariously liable for MCM's conduct. Debt collectors employing attorneys or other agents to carry out debt collection practices that violated the FDCPA are vicariously liable for their agents conduct. See Pollice v. Nat'l Tax Funding, LP 225 F.3d, 379, 405 (3rd Cir. 2000) ("We believe this is a fair result because an entity that is itself a "debt collector" - and hence subject to the FDCPA - should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf.)

## FACTS

19. On or about February 2013 MCM began to make phone calls to the Plaintiff.

20. In making the phone calls MCM sought to collect two debts incurred for personal, family or household purposes, namely fees emanating from a personal debt owed to Bluestem Brands Inc., formerly known as Fingerhut Direct Marketing, Inc. and fees emanating from a personal debt owed to Credit One Bank, N.A . The debts owed to

Bluestem Brands Inc., formerly known as Fingerhut Direct Marketing, Inc. and Credit One Bank. N.A went into default and sometime later were purchased by MF and MCM was servicing the account for MF (the "debts").

21. The phone calls to Plaintiff are each a "communication" as defined by the FDCPA.

22. In seeking to collect the debts, MCM placed unreasonably large number of phone calls to the Plaintiff over brief periods of time.

23. Between April 27, 2013 and May 7, 2013 (an 11-day period) the Plaintiff received no fewer than thirty-five (35) phone calls from MCM regarding the debts. The plaintiff would receive up to five (5) phone calls a day some of them within 1 minute of each other.

24. Between May 18, 2013 and May 23, 2013 (a 6-day period) the plaintiff received no fewer than twenty-seven (27) phone calls from MCM regarding the debts. In one day alone on May 20, 2013 MCM, in attempting to collect the debts, called the Plaintiff 8 times.

25. On May 20, 2013 the Plaintiff faxed a written letter to MF and MCM. The letter requested verification and aside from verification requested that MF and MCM, pursuant to 15 USC Section 1692c, stop contacting her about the debt allegedly owed to Bluestem Brands Inc., formerly known as Fingerhut Direct Marketing, Inc, which was later purchased by MF. Annexed hereto as **Exhibit A** is a copy of the fax confirmation sheet and letter showing that on May 20, 2013 at 6:33pm Eastern Standard Time, MF and MCM received a copy of **Exhibit A** via facsimile.

26. On May 23, 2013 the Plaintiff faxed a written letter to MF and MCM. The letter requested verification and aside from verification requested that MF and MCM,

pursuant to 15 USC Section 1692c, stop contacting her about the debt allegedly owed to Credit One Bank, which was later purchased by MF. Annexed hereto as **Exhibit B** is a copy of the fax confirmation sheet and letter showing that on May 23, 2013 at 5:55pm Eastern Standard Time, MF and MCM received a copy of **Exhibit B** via facsimile.

27. Despite the letters attached hereto as **Exhibit A** and **Exhibit B** MCM continued to call the Plaintiff in an attempt to collect the debts.

28. On June 3, 2013 the Plaintiff again faxed a written letter to MF and MCM. The letter requested verification <u>and</u> aside from verification requested that MF and MCM, pursuant to 15 USC Section 1692c, stop contacting her about the debt allegedly owed to Bluestem Brands Inc. formerly known as Fingerhut Direct Marketing, Inc., which was later purchased by MF. Annexed hereto as **Exhibit C** is a copy of the fax confirmation sheet and letter showing that on June 3, 2013 at 12:38pm Eastern Standard Time, MF and MCM received a copy of **Exhibit C** via facsimile.

29. On June 3, 2013 the Plaintiff again faxed a written letter to MF and MCM. The letter requested verification <u>and</u> aside from verification requested that MF and MCM, pursuant to 15 USC Section 1692c, stop contacting her about the debt allegedly owed to Credit One Bank, which was later purchased by MF. Annexed hereto as **Exhibit D** is a copy of the fax confirmation sheet and letter showing that on June 3, 2013 at 12:39pm Eastern Standard Time, MF and MCM received a copy of **Exhibit D** via facsimile.

30. Despite receiving the letters attached hereto as **Exhibit A, Exhibit B**, **Exhibit C,** and **Exhibit D** and therefore having actual knowledge of the Plaintiff's written request

pursuant to 15 USC Section 1692c that MCM and MF cease communications with her, MCM continues to call the Plaintiff in an attempt to collect the debts.

31. On June 11, 2013 the Debtor received three (3) phone calls from MCM.

32. One June 18, 2013 the Debtor received two (2) phone calls from MCM.

## CLAIM FOR RELIEF

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The phone calls violate 15 U.S.C. §§1692, §1692c(c), §1692(d)(5).

35. Section 1692c provides:

**§1692c    Communication in connection with debt collection**

(c) CEASING COMMUNICATION. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debtor collector shall not communication further with the consumer with respect to such debt, except –

(1) to advise the consumer that the debt collector's further efforts are being terminated;
(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice form the consumer is made by mail, notification shall be complete upon receipt.

36. By continuing to the call the Plaintiff in order to attempt to collect the debts, even after receiving the letters attached as **Exhibits A** through **D** of this Complaint, MCM and MF violated the FDCPA, 15 U.S.C. §1692c(c). MCM and MF violated the FDCPA, 15 U.S.C. §1692c(c) because they continued to communicate with the

Plaintiff in an attempt to collect the debts after receiving a request in writing from the Plaintiff that the Plaintiff wished that MCM and MF cease further communication with her.

37. Section 1692d provides:

**§1692d    Harassment or abuse**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

38.  By repeatedly and continuously calling the Plaintiff with the intent to annoy or harass the Plaintiff MCM and MF violated the FDCPA, 15 U.S.C. §1692d(5).

39.  MCM and MF placed thirty-five (35) phone calls to the Plaintiff in an 11 day period from April 27, 2013 to May 7, 2013 and twenty-seven (27) phone calls in a 6 day period from May 18, 2013 to May 23, 2013 including 8 phone calls in one day alone on May 20, 2013.

40. When MCM's called the Plaintiff they would constantly make two phone calls to the Plaintiff within 1 minute of each other.

41.  Furthermore, in many instances the number that would appear on the Plaintiff's Caller ID when called by MCM was 201-820-9999. When this number is called back there is no connection because the number is not a working number so the Plaintiff was unable to return the phone calls to see who was calling her or contact either MF or MCM.

42. MF and MCM are liable to the plaintiff for statutory damages pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and against the defendants for:

    (1)    Statutory damages;

    (2)    Actual damages;

    (3)    Attorney's fees, litigation expenses and costs of suit; and

    (4)    Such other and further relief as the Court deems proper.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Rule 11.2, I certify that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrating proceeding.

Dated: New York, New York
June 25, 2013

The Law Offices of Gus Michael Farinella, PC

By: /s/ Ryan Gentile
_____
Ryan Gentile (RG0835)
Attorney for Plaintiff
147 West 35th Street
Suite 1008
New York, NY 10001
Tel: (212) 675-6161
Fax: (212) 675-4367
rlg@lawgmf.com